**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4022**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MELITON ALONZO HERNANDEZ, a/k/a El Chino,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:12-cr-00705-HMH-1)

---

Submitted:  July 18, 2014              Decided:  July 28, 2014

---

Before WILKINSON, KING, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Joshua Snow Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant.  Carrie Fisher Sherard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Meliton Alonzo Hernandez pled guilty in accordance with a written plea agreement to possession with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2012), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (2012). He was sentenced to twenty-four months for the drug offense and sixty months, consecutive, for the firearm offense. He now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the validity of the guilty plea and the reasonableness of the sentence but concluding that there are no meritorious issues for appeal. Hernandez has filed a pro se brief raising additional issues. We affirm.

After careful review, we hold that the guilty plea was knowing and voluntary. Hernandez stated at the Fed. R. Crim. P. 11 hearing that he was thirty-five and not under the influence of drugs or alcohol. He said that he was completely satisfied with his attorney's services. Hernandez admitted his guilt, and he agreed that the summary of the offenses presented to the court was accurate. He affirmed that his plea was not the result of threats or promises other than those contained in the plea agreement. Finally, the district court substantially complied with the requirements of Rule 11.

2

In his informal brief, Hernandez raises several Fourth Amendment claims concerning the search of two residences and his subsequent arrest. His valid guilty plea waives his right to contest such alleged antecedent nonjurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). We will not address Hernandez's various claims of ineffective assistance of counsel because ineffectiveness does not conclusively appear on the face of the record. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).

With respect to sentencing, the court properly calculated Hernandez's Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors and the arguments of the parties, and provided a sufficiently individualized assessment based on the facts of the case. We therefore conclude that the sentence is procedurally reasonable. Additionally, given the totality of the circumstances, the sentence is substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Pursuant to Anders, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Hernandez, in writing, of his right to petition the Supreme Court of the United States for further review. If Hernandez requests that a petition be filed, but

3

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hernandez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED